# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38760

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATES OF CAROL BAILEY AND FRANCIS ANDREW BAILEY, DECEASED. | ) ) ) ) | Boise, June 2012 Term |
| --------------------------------------------------------- | ) | |
| F. KIM BAILEY, Personal representative of THE ESTATES OF CAROL BAILEY and FRANCIS ANDREW BAILEY, | ) ) ) ) | 2012 Opinion No. 116  Filed: August 9, 2012 |
| Plaintiff-Appellant, | ) ) | Stephen Kenyon, Clerk |
| v. | ) ) ) | |
| KERRY BAILEY, KYLE BAILEY, and TAMARA BAILEY SIPE, | ) ) ) | |
| Defendants-Respondents. | ) ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County.  Hon. Jon J. Shindurling, District Judge.  Hon. L. Mark Riddoch, Magistrate Judge.

The decision of the district court is <u>affirmed</u>.

Denman & Reeves, Idaho Falls, for appellant.

Thomsen Stephens Law Offices, PLLC, Idaho Falls, for respondents.

_____

ON THE BRIEFS

HORTON, Justice.

This appeal arises out of a dispute regarding the requirements for determining whether a claimed amount of attorney fees is reasonable. After extended litigation to settle his parents' estate, Kim Bailey (Bailey), the estate's personal representative, asked the magistrate court for an award of attorney fees from estate funds, pursuant to Idaho Code § 15-3-720. The magistrate court found that Bailey was entitled to reasonable fees to be determined under I.R.C.P. 54(e)(3) and ordered Bailey to provide an accounting of his attorney fees, including the time his attorney spent providing legal services. Bailey's attorney notified the court that he was unable to comply

1

with the order, explaining that he did not keep time records because the attorney-client contract expressly stated that the fee would not be based upon an hourly rate, but upon the attorney's opinion of the reasonable worth of his services. The beneficiaries of the estate (the Beneficiaries) challenged the sufficiency of the accounting. The magistrate court denied Bailey's request for fees and concluded that without time records it could not determine a reasonable fee amount in compliance with I.R.C.P. 54(e)(3)(A). The district court upheld the denial of fees, and Bailey timely appealed. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The district court set forth the factual background to this litigation in its order on appeal:

> Carol Bailey died on April 11, 1998. Decedent Francis A. Bailey died on September 22, 2006. Survivors and heirs of the couple were their children, F. Kim Bailey, Kerry L. Bailey, Kyle J. Bailey and Tamara Lee Bailey Sipe.
> Prior to Francis Bailey's death, Kim Bailey resided in the Estate's home with Francis Bailey. Following the death of Francis Bailey, Kim Bailey filed a petition for informal probate of the Estate and was appointed as the personal representative. Pursuant to the wills of the decedents, the children were to share equally in the Estate with the exception of some specific [bequests] of some personal property. While there was some dispute among the heirs on how to liquidate the real property, the parties eventually entered into an agreement in April, 2008, whereby Kim purchased the property for $129,000.
> The other children continued to claim that Kim owed the Estate for the fair rental value of the real property for the time Kim lived on the property following Francis Bailey's death. A trial on the disputed issues was held in April 2008 and the magistrate entered its order in July 2008. Kim appealed that order to the district court, which, in a January 2009 order, remanded the case to the magistrate court to determine the proper rental value. The parties have continued to wrangle over various issues in the courts since that time.

Bailey retained an attorney to represent him in matters relating to the probate of the estate. The agreement between Bailey and his attorney provided that the attorney's fee would be based upon the attorney's belief as to the reasonable value of the services and "not based upon an hourly basis." Bailey filed a final accounting and petition for distribution in which he sought, pursuant to Idaho Code § 15-3-720, to recover attorney fees he had incurred. In June 2009, the Beneficiaries petitioned the trial court for an accounting, "specifically separating attorney fees incurred representing [Bailey] personally in the claims and actions filed by petitioners from the attorney fees incurred by the estate in handling the estate matters." The magistrate court ordered Bailey to file "a memorandum of fees and costs reflecting the work provided" to Bailey. In response, Bailey's attorney filed a memorandum of costs that contained an itemized list of the

2

tasks he performed and listed his fee as a lump sum based upon the fee agreement. The Beneficiaries objected to the memorandum of costs based upon, among other things, the lack of a record of the time Bailey's attorney spent providing the services.

Upon its review of the Beneficiaries' objection, the magistrate court found that the memorandum of costs did not comply with I.R.C.P. 54(e)(3) and ordered Bailey to resubmit the memorandum of costs to comply with the Rule and to "specifically outline the basis for the claimed fees and [provide] specific information regarding the value of the particular services provided." Bailey notified the court that he was unable to comply with the order because his attorney did not keep time records and moved for reconsideration of the order to resubmit the memorandum of costs. The magistrate court found that without time records of the attorney's work, it could not determine a reasonable fee amount in compliance with I.R.C.P. 54(e)(3)(A) and denied both Bailey's motion and his request for the estate to pay the attorney's fee. On appeal, the district court affirmed the magistrate court's denial of fees. Bailey appeals and asks this Court to remand with instructions for the trial court to determine reasonable attorney fees based upon the submitted information.

## II. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser,* 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). Thus, we do not review the magistrate court's decisions. Rather, we are "procedurally bound to affirm or reverse the decisions of the district court." *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

We exercise free review over questions regarding the application of procedural rules. *Zenner v. Holcomb*, 147 Idaho 444, 450, 210 P.3d 552, 558 (2009) (quoting *Blaser v. Cameron*, 116 Idaho 453, 455, 776 P.2d 462, 464 (Ct. App. 1989)). However, the calculation of a reasonable attorney fee is within the trial court's discretion. *Grease Spot, Inc. v. Harnes*, 148 Idaho 582, 586, 226 P.3d 524, 528 (2010) (citing I.R.C.P. 54(e)(3); *Johannsen v. Utterbeck,* 146

3

Idaho 423, 432, 196 P.3d 341, 350 (2008)). When deciding whether a trial court abused its discretion, the standard is "whether the court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason." *Read v. Harvey*, 147 Idaho 364, 369, 209 P.3d 661, 666 (2009) (citing *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Johannsen*, 146 Idaho at 432, 196 P.3d at 350 (citing *E. Idaho Agric. Credit Ass'n v. Neibaur,* 133 Idaho 402, 412, 987 P.2d 314, 324 (1999)).

### III. ANALYSIS

As a preliminary matter, we note that the issue of whether the trial court erred in ordering Bailey's attorney to submit time records is included in Bailey's statement of issues on appeal. However, the district court made it clear in its order on appeal that the magistrate court's order requiring Bailey to submit time records was not timely appealed and was therefore not properly before it. The parties did not challenge the district court's ruling on this matter. Therefore, because we only review the district court's decision, the sole issue[1] before this Court is whether the claim for attorney fees was properly denied because the trial court did not have records of the time the attorney spent performing the services for which fees were claimed.

**A. The district court properly affirmed the magistrate court's denial of attorney fees.**

Bailey argues that in order to determine a reasonable attorney fee under Idaho Code § 15-3-720, the trial court must consider the contract between Bailey and his attorney, as well as any Rule 54(e)(3) factors that are not inconsistent with the contract. Bailey contends that because the contract expressly provides that the attorney's fee is not based upon billable hours, the trial court does not need time records to determine whether the claimed fee is reasonable. The district court determined that the magistrate court properly denied Bailey's request for attorney fees because all of the Rule 54(e)(3) factors are applicable and Bailey did not present any evidence that the fee was reasonable.

---

[1] Bailey recites the remaining two issues as: (1) whether the court erred in determining that time records are required to establish whether attorney fees are reasonable, and (2) whether the court erred in determining that it cannot establish whether attorney fees are reasonable without time records. As the district court stated, these two issues are "functionally identical," and are treated as one issue.

<u>1. Rule 54(e) provides the correct measure of reasonable attorney fees.</u>

Idaho Code § 15-3-720 provides that if a "personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorney's fees incurred." The Idaho Rules of Civil Procedure are applicable to a court's determination of attorney fees awarded under Idaho Code § 15-3-720:

> The provisions of this Rule 54(e) relating to attorney fees shall be applicable to all claims for attorney fees made pursuant to section 12-121, Idaho Code, *and to any claim for attorney fees made pursuant to any other statute*, or pursuant to any contract, to the extent that the application of this Rule 54(e) to such a claim for attorney fees would not be inconsistent with such other statute or contract.

I.R.C.P. 54(e)(8) (emphasis added). When a court makes a determination regarding the reasonableness of the amount of an award of attorney fees, it is to consider the factors set forth in I.R.C.P. 54(e)(3). *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 769, 86 P.3d 475, 483 (2004). The Rules further provide that "[i]n the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees: . . . ." I.R.C.P. 54(e)(3).[2] By its use of the word "shall," the language of Rule 54(e)(3) "is mandatory—it requires the court to consider all eleven factors plus any other factor the court deems appropriate." *Lettunich v. Lettunich*, 141 Idaho 425, 435, 111 P.3d 110, 120 (2005). Thus, the reasonableness of the amount of attorney fees requested under I.C. § 15-3-720 is determined by the trial court's application of all of the factors set forth in Rule 54(e)(3).

<u>2. To properly determine reasonableness under Rule 54(e), a court must have sufficient information to consider the relevant factors.</u>

Before a court may determine whether claimed attorney fees are reasonable, it must have enough information to properly consider the factors of Rule 54(e)(3). In *Lettunich*, this Court vacated an award of attorney fees because the affidavit submitted in support of the claim of fees

---

[2] Those factors are:

> (A) The time and labor required; (B) The novelty and difficulty of the questions; (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law; (D) The prevailing charges for like work; (E) Whether the fee is fixed or contingent; (F) The time limitations imposed by the client or the circumstances of the case; (G) The amount involved and the results obtained; (H) The undesirability of the case; (I) The nature and length of the professional relationship with the client; (J) Awards in similar cases; (K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case; and (L) Any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3)(A)-(L).

5

addressed only one of the Rule 54(e)(3) factors "and asserted that the fees were 'reasonably and necessarily incurred.'" 141 Idaho at 435, 111 P.3d at 120. The Court held that "[t]hese statements, plus the billing sheets showing how much was billed, do not equip the court with enough information to arrive at a reasonable award." *Id.* In another case, this Court vacated a district court's award of attorney fees where the party claiming fees refused to provide the attorney's time sheets, holding that "a party seeking an award of attorney fees can claim privilege and not give up their time sheets, but it will foreclose an award of attorney fees because it prevents the trial court from properly determining the amount of the award." *Sun Valley Potato Growers*, 139 Idaho at 769, 86 P.3d at 483 (citing *Hackett v. Streeter,* 109 Idaho 261, 264, 706 P.2d 1372, 1375 (Ct. App. 1985)). The Court explained that:

> If we require the trial court to consider the enumerated factors in rule 54(e)(3), then it logically follows as a corollary that the court must have sufficient information at its disposal concerning those factors. Some information may come from the court's own knowledge and experience, some may come from the record of the case, but some obviously can only be supplied by the attorney of the party who is requesting the fee award.

*Id.* (quoting *Hackett,* 109 Idaho at 264, 706 P.2d at 1375). Thus, because a court must consider all of the Rule 54(e)(3) factors before awarding attorney fees, those fees are properly denied where the party claiming them does not provide the information necessary to permit the court to evaluate all of the factors.

Bailey argues that he was not required to provide time records because the fee agreement completely describes the basis for the fee and thus the 54(e)(3) factors are inconsistent with the fee agreement and do not apply. However, Rule 54(e)(8) provides that the attorney fee provisions of Rule 54(e) apply only to the extent they are not inconsistent with the statute or contract that entitles the claimant to the fee award. In this case, the basis for Bailey's claim for attorney fees is not the contract, it is Idaho Code § 15-3-720. The contract between Bailey and his attorney simply defines the attorney-client relationship and provides that Bailey will pay a fee, determined by his attorney, "based upon what [the attorney] believe[s] the services to be reasonably worth, and not based upon an hourly basis." The statute provides the authority for the award of fees, and Rule 54(e) is not inconsistent with Idaho Code § 15-3-720 because the statute does not provide a means of determining a reasonable amount of fees. Therefore, we hold that the trial court was required to consider all of the factors, including the attorney's time and labor.

6

This Court has held that precise and detailed time records are not always required in order for the trial court to consider the time and labor factor. For example, we affirmed an award of attorney fees where the award was challenged on the ground that the trial court could not properly consider I.R.C.P. 54(e)(3)(A) because the attorney did not submit time records. *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 748, 152 P.3d 614, 619 (2007). In that case, the attorney and client had a contingent fee agreement and therefore the attorney did not keep detailed time records. *Id.* However, the attorney provided the court an estimate of the total amount of time he spent representing the client, thereby permitting the court to consider the time and labor factor. *Id.*

Here, the magistrate court concluded, as a matter of law, that its determination of whether the claimed attorney fees were reasonable required it to consider all of the factors of I.R.C.P. 54(e)(3). The court also determined that without some indication of the time the attorney spent providing the services on which the fees were based, it could not properly consider the time and labor factor of Rule 54(e)(3)(A). Significantly, the trial court's order did not expressly require time sheets, it required only that Bailey "specifically outline the basis for the claimed fees and [provide] specific information regarding the value of particular services provided." The district court, in affirming the magistrate court, also recognized that Bailey "could have possibly shown that the fees were reasonable through some means other than time logs." Unlike in *Parsons*, Bailey did not provide even an estimate of the total time, nor any other information that would have permitted the trial court to determine the basis upon which the fee was calculated, and thus its reasonableness.[3] Instead, like the claimant in *Lettunich*, Bailey asked the trial court to make an award of attorney fees based upon his attorney's assertion that the fee was reasonable.[4] And,

---

[3] In this case, neither the Beneficiaries, nor the magistrate court, nor the district court dispute that Bailey is entitled to attorney fees. The only issue is whether the claimed amount is reasonable. We recognize that because the issue is merely the reasonableness of the fee amount, equity would normally dictate that Bailey be given an opportunity to submit additional information. However, the magistrate court in this case already gave him that opportunity. The magistrate court's original order required Bailey to submit a memorandum of costs. Upon the Beneficiaries' challenge to the memorandum of costs, the magistrate court gave Bailey another opportunity, ordering him to resubmit the memorandum with specific information about the value of the legal services, in compliance with 54(e)(3). Bailey and his attorney made no effort to comply with the order, again asserting that the fee agreement controls. We find it unnecessary to provide Bailey with another opportunity to comply.

[4] We note that this is not the first time Bailey's attorney, Mr. Reeves, has asserted that his fees are *per se* reasonable. In *Frazee v. Frazee*, this Court noted that "the record here indicates that Reeves merely sent a bill to his client, and that when such bill was not paid, Reeves attempted collection thereof from the opposing party . . . Reeves asserts that he may claim any sum in fees without the necessity of proving the reasonableness of such fees in an adjudicative process and that he may then levy against the property of the opposing party, who is a total stranger to the contract under which Reeves claims money." 104 Idaho 463, 465, 660 P.2d 928, 930 (1983). We declined in that

7

just as in *Sun Valley Potato Growers*, the lack of time sheets in this case prevented the trial court from properly determining the reasonableness of the attorney's fee. We therefore affirm the district court's order affirming the judgment of the magistrate court.

### B. Neither party is entitled to attorney fees on appeal.

Both Bailey and the Beneficiaries seek attorney fees on appeal pursuant to Idaho Code § 12-121. Under section 12-121, only the prevailing party is entitled to attorney fees on appeal. This Court has stated that attorney fees on appeal are awarded under this statute when the Court is "left with an abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Schmechel v. Dillé*, 148 Idaho 176, 188, 219 P.3d 1192, 1204 (2009) (citing *Burns v. Baldwin,* 138 Idaho 480, 487, 65 P.3d 502, 509 (2003)). Further, the party seeking fees must "support the claim with argument as well as authority." *Evans v. Sayler*, 151 Idaho 223, 228, 254 P.3d 1219, 1224 (2011) (citing *Crump v. Bromley,* 148 Idaho 172, 176, 219 P.3d 1188, 1192 (2009)). Thus, a prevailing party that properly supports its request with both authority and argument may be awarded attorney fees when the appeal is frivolous, unreasonable, or without foundation.

In this case, neither party has supported its request for fees with any argument. The Beneficiaries merely cite to the statute and state that the appeal was brought "frivolously, unreasonably and without foundation." Bailey provides even less argument, stating only that if he is the prevailing party, he "should be awarded his attorney's fees on appeal, pursuant to § 12-121 I.C." Because neither party has provided argument in support of its claim, neither is entitled to attorney fees on appeal.

### IV. CONCLUSION

We affirm the district court's order dismissing the appeal and affirming the magistrate court's denial of attorney fees. We award costs, but not attorney fees, to the Beneficiaries.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

---

case to permit Reeves to prove reasonableness by assertion. Our opinion on this matter has not changed in the intervening 29 years.