**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41417**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 764 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TYLER ANTHONY HOWELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. Theresa Gardunia, Magistrate.

Decision of the district court on intermediate appeal affirming judgment of conviction for carrying a concealed weapon into a sterile area of an airport, affirmed.

Alan E. Trimming, Ada County Public Defender; Heidi M. Johnson, Deputy Public Defender, Boise, for appellant. Heidi M. Johnson argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

KIDWELL, Judge Pro Tem

Tyler Anthony Howell appeals from the district court's decision on intermediate appeal affirming his judgment of conviction for carrying a concealed weapon into a sterile area of an airport. Specifically, he contends the magistrate erred by admitting hearsay testimony, by denying his motion for a judgment of acquittal, and that there was insufficient evidence to prove that he had the requisite knowledge when he brought the weapon into a sterile area. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Howell, an airline employee at the Boise Airport; his mother; and his wife were attempting to fly standby to Minneapolis. No seats were available on the first two flights of the

1

day and because there was an approximately four-hour break before the next flight, Howell and his family chose to go home in the interim. They decided to take only one vehicle and stopped by Howell's motorcycle in the airport parking lot to transfer its contents, including a gun, into his backpack.

Several hours later, the family returned to the airport and began the process of going through security. Howell placed his backpack on the conveyer belt, walked through the scanner, and waited for the bag to come through. He testified that when the process took longer than normal, he immediately remembered that he had forgotten to remove the gun from his backpack and leave it at home as he had intended. Transportation Security Administration (TSA) officer James Trotter was operating the x-ray machine and testified that when he saw what appeared to be a semi-automatic handgun in a backpack, he called his supervisor, Johnny Valero. Supervisor Valero requested assistance from Boise Police Department Officer Michael Lock and then asked the owner of the backpack to identify himself. Howell indicated the bag was his and when asked by Supervisor Valero if there was anything "sharp, dangerous or fragile" in the bag that the officer should be aware of, Howell said no. After Officer Lock and Supervisor Valero confirmed there was a loaded gun in the backpack, Howell told them he had transferred the gun from his motorcycle to his backpack earlier in the day, forgotten to remove it before returning to the airport, and had not remembered it was in the backpack until he was asked by Supervisor Valero about it.

Howell was charged with carrying a concealed weapon into a sterile area of the airport pursuant to Idaho Code § 18-7503(1), which provides, in relevant part:

> [N]or shall any person enter or attempt to enter any sterile area of an airport, which is a holder of a certificate issued by the federal government or the state of Idaho, while knowingly carrying on or about his person, or in a bag, case, pouch or other container, a deadly or dangerous weapon, either concealed or unconcealed.

The case proceeded to a jury trial. At the close of the State's evidence, Howell moved for a judgment of acquittal pursuant to Idaho Criminal Rule 29, arguing the State had not presented sufficient evidence that the Boise Airport held a federal certificate. The magistrate court denied the motion on the basis that several witnesses testified that the airport was federally certified. The jury found Howell guilty as charged. Howell renewed his motion for a judgment of

2

acquittal, which the magistrate again denied. Howell appealed to the district court, which affirmed his judgment of conviction. Howell now appeals to this Court.

## II.

## ANALYSIS

Howell contends the district court erred by affirming the magistrate's admission of certain testimony over Howell's objection that it was inadmissible hearsay, by affirming the magistrate's denial of Howell's renewed Rule 29 motion for judgment of acquittal, and by determining there was sufficient evidence to support Howell's conviction for attempting to bring a weapon into a sterile area of the airport.

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

### A.     Hearsay

Howell contends the district court erred by affirming the magistrate's admission of Supervisor Valero's alleged hearsay statements into evidence at trial over Howell's objection. Specifically, he contends the magistrate erred by allowing Supervisor Valero to testify that the Boise Airport was federally certified.

The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.* A judgment will not be reversed for an error in an evidentiary ruling unless a substantial right of the party is affected. Idaho Rule of Evidence 103. Therefore, in a criminal

case, error in the admission or exclusion of evidence will not result in a reversal if the error was harmless beyond a reasonable doubt. *State v. Gomez*, 126 Idaho 700, 705, 889 P.2d 729, 734 (Ct. App. 1994); *State v. Medrano*, 123 Idaho 114, 120, 844 P.2d 1364, 1370 (Ct. App. 1992).

An element of section 18-7503(1) is that a defendant entered or attempted to enter a sterile area of an airport "which is a holder of a certificate issued by the federal government or the state of Idaho." The State elicited testimony regarding this element from Supervisor Valero, asking him whether he had "ever seen a federal certification for the Boise Airport" and whether Supervisor Valero knew "if it's a federally certified building." Defense counsel objected, citing "foundation, hearsay and best evidence." The magistrate overruled the objection as "[p]remature." When asked again whether he knew if the airport was a federally certified facility, Supervisor Valero testified, "As far as I'm concerned--that I know, yes." When asked if he had ever seen a federal certification, Supervisor Valero responded, "I have not." On appeal to the district court and now to this Court, Howell contends these statements constituted inadmissible hearsay and the magistrate erred by admitting them.

The district court determined that Supervisor Valero's statements were not hearsay because they were merely his "belief" that the airport was federally certified. Howell contests this characterization on appeal. We need not decide the issue however, because, even assuming the testimony was erroneously admitted, any error was harmless. Substantially similar evidence regarding the airport's federal certification was also admitted, without objection, through the testimony of Officer Lock who, when asked whether he knew if the Boise Airport was federally certified, responded, "Yeah, it's a category--I believe it's a category three. I can't recall. I think that's what it is." Thus, had Supervisor Valero's allegedly improper testimony been excluded, the jury still would have been presented with evidence that the airport was federally certified. Given this, any error in admitting Supervisor Valero's statements was harmless beyond a reasonable doubt.

**B.      Judgment of Acquittal**

Howell contends the district court erred by affirming the magistrate's denial of his renewed Rule 29 motion for judgment of acquittal, based on his assertion that the State failed to present evidence that the airport was certified as required by the statute. Specifically, he contends there was no admissible evidence presented as to this fact.

4

On review of the denial of a motion for judgment of acquittal, we determine whether there is substantial evidence to support the challenged conviction. *State v. Hoyle*, 140 Idaho 679, 683-84, 99 P.3d 1069, 1073-74 (2004); *State v. Merwin*, 131 Idaho 642, 644, 962 P.2d 1026, 1028 (1998); *State v. Nichols*, 156 Idaho 365, 369, 326 P.3d 1015, 1019 (Ct. App. 2014). Substantial evidence to support the challenged conviction is present when a reasonable mind could conclude that the defendant's guilt of the offense was proven beyond a reasonable doubt by such material evidence. *Hoyle*, 140 Idaho at 684, 99 P.3d at 1074; *State v. Kuzmichev*, 132 Idaho 536, 545, 976 P.2d 462, 471 (1999); *Nichols*, 156 Idaho at 369-70, 326 P.3d at 1019-20. Where there is competent although conflicting evidence to sustain the verdict, this Court cannot reweigh that evidence or disturb the verdict. *Hoyle*, 140 Idaho at 684, 99 P.3d at 1074; *Merwin*, 131 Idaho at 644-45, 962 P.2d at 1028-29; *Nichols*, 156 Idaho at 370, 326 P.3d at 1020. In reviewing a motion for judgment of acquittal, all reasonable inferences on appeal are taken in favor of the prosecution. *Hoyle*, 140 Idaho at 684, 99 P.3d at 1074; *Kuzmichev*, 132 Idaho at 545, 976 P.2d at 471; *Nichols*, 156 Idaho at 370, 326 P.3d at 1020.

Both below, and now on appeal, Howell contends the State failed to prove the Boise Airport has the requisite certification because Officer Lock did not specifically testify that the airport was certified and because the State did not introduce into evidence the actual federal certificate in contravention of the best evidence rule. In denying Howell's Rule 29 motion, the magistrate determined that the best evidence rule was not applicable and that Officer Lock's relevant, uncontroverted testimony, in combination with testimony from Officer Trotter and Supervisor Valero that they were employed by federal agencies, was substantial evidence that the airport was federally certified. The district court affirmed the denial of the motion, pointing to both Officer Lock's and Supervisor Valero's testimony that the airport was federally certified.[1]

As to the substance of Officer Lock's testimony regarding the federal certification of the Boise Airport, Howell's contention that it was not a definitive answer as to whether the airport was federally certified, but only a statement regarding whether Officer Lock knew if it was or not, is not tenable. As described above, the question posed to Officer Lock was whether he knew if the Boise Airport was federally certified and his response was, "Yeah, it's a category--I believe it's a category three. I can't recall. I think that's what it is." Logically, this answer not

---

[1] The district court did not address the magistrate's determination that the best evidence rule was inapplicable.

5

only conveyed that Officer Lock knew whether the airport was federally certified, but the substance of that knowledge (that it was certified).

We also reject Howell's contention that the best evidence rule required that the State introduce the actual federal certification document.[2]    The rule, codified at I.C. § 9-411 and essentially reproduced at Idaho Rule of Evidence 1002, states a preference in favor of original written instruments--as opposed to copies, testimony, or other secondary sources of information--to prove the terms of a writing. *State v. Rosencrantz*, 110 Idaho 124, 130, 714 P.2d 93, 99 (Ct. App. 1986).  The rule is not applicable to evidence that states *a fact about* a writing, as this does not raise the danger of mistransmission because it is offered to prove an issue other than the exact terms of the document's content.  2 KENNETH S. BROUN ET AL., MCCORMICK ON EVIDENCE § 234 at 92 (6th ed. 2006).  For example, the best evidence rule has no application where the witness is not testifying as to the contents of a writing, but is merely testifying that a writing has been made.  *Fish v. Fleishman*, 87 Idaho 126, 130, 391 P.2d 344, 346 (1964); *see also United States v. Sliker*, 751 F.2d 477, 484-85 (2nd Cir. 1984) (holding that a witness's testimony that bank deposits are insured by the FDIC was sufficient and admission of the original insurance policy is not required).

Here, Officer Lock's testimony was not offered to prove the contents of a writing, as the actual terms of the certification are not relevant here.  Rather, his testimony was offered to prove a fact *about* the certification, which was that it exists at all.  Accordingly, the best evidence rule is inapplicable in this circumstance.

Given that Officer Lock's testimony that the airport was federally certified was properly admitted, there was substantial evidence at trial whereby a jury could have reasonably concluded that the airport held the requisite certification.  The district court did not err by affirming the magistrate's denial of Howell's motion for a judgment of acquittal.

## C.    Sufficiency of the Evidence

Howell contends there was insufficient evidence presented at trial to sustain his conviction.  Specifically, he contends there was insufficient evidence upon which a reasonable trier of fact could have found that he *knowingly* attempted to carry a weapon into a sterile area of the airport.

---

[2]    We note that this assumes federal certification is necessarily memorialized by and/or granted by a document, a fact not definitively established in the record.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

On appeal, Howell points to evidence that he contends indicates he did not have the requisite knowledge: he "stepped forward immediately to claim the bag as his" when Supervisor Valero asked whose it was and he complied with all subsequent questions and commands; his testimony that after his attempt to fly out earlier in the day, he transferred the contents of his motorcycle parked at the airport into a backpack and then forgot to take the weapon out of his backpack before returning to the airport; and Officer Lock's testimony that if Howell was purposely attempting to bring a weapon into the airport, he could have avoided security and gone through the employee entrance. The district court rejected Howell's contention:

> The Court finds that sufficient evidence was presented with which the jury could reasonably have found that Mr. Howell "knowingly" violated the statute. Mr. Howell admitted that he took the handgun from where it was stored on his motorcycle and put it in his backpack, which he then took into the airport, where it was discovered by airport security officers, in a "sterile area."
>
> Assuming that Mr. Howell's assertion that he "forgot" about the handgun in his backpack is a valid defense to the charge, the jury reasonably could have found that his contention was not credible, given the proximity in time of his placement of the gun in his backpack and his return trip to the airport, not to mention the significance of having a gun at an airport, which Mr. Howell acknowledged, he was well aware was not permissible. The jury also could have relied on Supervisor Valero's statement that Mr. Howell did not tell him that there was anything dangerous in his pack, when [Supervisor Valero] initially questioned him about its contents, contradicting Mr. Howell's assertion that he first realized that he had forgotten to remove the gun from his backpack, when he noticed TSA examining his bag for a lengthier period of time.

(Footnote omitted.)

7

It is well settled that criminal intent can be inferred from the commission of acts and the surrounding circumstances. *State v. Booton*, 85 Idaho 51, 56, 375 P.2d 536, 539 (1962); *State v. Beebe*, 145 Idaho 570, 573, 181 P.3d 496, 499 (Ct. App. 2007). We agree with the district court's reasoning and ultimate determination that from the evidence presented at trial, including Howell's admission to having placed the gun in the backpack only a few hours prior and his failure to tell Supervisor Valero the gun was there when initially questioned as to the contents of the backpack, the jury could have reasonably inferred that Howell possessed the requisite knowledge in attempting to bring the gun into a sterile area. Although Howell offers an alternate explanation for his act (that he simply forgot the gun was in his backpack), as the district court noted, even assuming this explanation would negate the requisite knowledge, the jury was free to reject it in favor of an alternate reasonable explanation. Because the jury's verdict is supported by substantial evidence, it will not be set aside; the district court did not err by rejecting this argument on intermediate appeal.

## III.

## CONCLUSION

Even assuming Supervisor Valero's testimony that the Boise Airport was federally certified was inadmissible hearsay, any error in its admission was harmless because Officer Lock testified, without objection, to the same fact. Additionally, there was sufficient admissible evidence presented at trial that the airport held the requisite certification and so the district court did not err by affirming the magistrate's denial of Howell's renewed motion for a judgment of acquittal. Finally, there was sufficient evidence to prove that Howell had the requisite knowledge when he brought the weapon into a sterile area. The district court's decision on intermediate appeal affirming Howell's conviction for carrying a concealed weapon into a sterile area of an airport is affirmed.

Judge LANSING and Judge MELANSON, **CONCUR.**