## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43852

| | |
|---|---|
| CORI LYN DAVIS, | ) 2016 Unpublished Opinion No. 675 |
| | ) |
| Plaintiff-Respondent, | ) Filed: September 12, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| ROCKY DEAN DAVIS, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge. Hon. Steven A. Thomsen, Magistrate.

District court's decision, on intermediate appeal, affirming the magistrate's amended final order and judgment, <u>appeal dismissed</u>.

Pitcher & Holdaway, PLLC; Ryan L. Holdaway, Logan, Utah, for appellant.

Racine, Olson, Nye, Budge & Bailey, Chtd.; Patrick N. George, Pocatello, for respondent.

_____

HUSKEY, Judge

Rocky Dean Davis appeals from the district court's memorandum decision affirming the magistrate's decision declining to modify the custody order regarding his minor child, K.D. Because Davis was subsequently granted sole physical and legal custody of K.D., his claim is moot and we dismiss the appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Davis and his former wife, Cori Lyn Davis, are the biological parents of K.D. The parties were divorced and a custody order was entered. Cori was granted physical custody of K.D. Davis filed a petition to modify custody, seeking physical and legal custody of K.D. based on his concerns about various criminal charges Cori faced and other circumstances regarding Cori's ability to safely parent. At trial on the petition to modify, unflattering evidence was introduced

1

against both Cori and Davis. The magistrate found most of the evidence introduced was substantiated and concerning in its potential effects on K.D. The magistrate declined to modify the custody order. Davis appealed.

While the appeal was pending, Davis gathered additional evidence documenting the unsanitary and unsafe condition of Cori's home. Davis moved the magistrate to amend its finding of facts, conclusions of law, and initial order. The magistrate granted the motion and entered an amended final order and judgment, awarding Davis sole physical and legal custody of K.D. Further, the amended order prohibited Cori from having contact with K.D. until further order of the court.

Because the amended final order and judgment was entered during the pendency of the appeal, it was not addressed by the district court sitting in its appellate capacity. Thus, the district court reviewed the only issue before it--the initial order--and affirmed the magistrate's findings of fact, conclusions of law, and initial order and final judgment.

Despite having been granted sole physical and legal custody of K.D. pursuant to the magistrate's amended order, Davis nonetheless appeals from the district court's decision because he asserts Cori "continues to seek primary custody of K.D." and is "fearful the magistrate court will in fact return K.D. to [Cori]."

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

Cori asserts the appeal is moot because Davis has not established there is an actual controversy capable of being decided in light of the amended final order and judgment. This is so, Cori argues, because even if the magistrate erred in initially declining to modify custody and the district court erred in affirming the magistrate's decision, such error has already been corrected in the amended final order and thus, the appeal would have no effect on the current custody order. Although Cori raises other issues, we need not address them, as we agree the issue raised by Davis is moot.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).

Here, the case is moot because the only relief Davis has requested--reversal of the magistrate's initial order denying his request for sole physical and legal custody of K.D.--was granted by the magistrate in the amended order. Davis argues the appeal is not moot because the challenged conduct--the magistrate subsequently granting Cori either physical or legal custody-- is likely to evade judicial review and thus is capable of repetition. We disagree.

Were we to remand this case, Davis would be seeking the relief he already received--an order from the magistrate giving him sole physical and legal custody of K.D. As such, there is no longer a real and substantial controversy for us to address. Moreover, a decision in this case would not prohibit Cori from later filing a motion to modify the custody order. Potential relitigation of a subsequent change to a custody order is not the kind of repetition this exception is designed to address. Any subsequent changes in the custody order are not likely to evade review, nor has Davis shown how they might evade review because either party would have the opportunity to appeal from the magistrate's decision.

3

Finally, because neither party prevails on appeal, we decline to award costs or fees to either party.

### III.
### CONCLUSION

Because we find the issue in this case to be moot, we dismiss the appeal.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.