**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47559**

| | |
|---|---|
| In the Matter of the Estate of: **Erline Hall Phillips, an Incapacitated and Protected Person.** | ) **Filed:  July 22, 2020**<br>)<br>) **Melanie Gagnepain, Clerk**<br>) |
| **CHERIE PHILLIPS,** | )<br>) **THIS IS AN UNPUBLISHED** |
| Petitioner-Appellant. | ) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY**<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Christopher Bieter, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate division, affirming order requiring payment of visitor fee in guardianship case, <u>affirmed</u>.

Cheri Phillips, Waukesha, Wisconsin, pro se appellant.

LORELLO, Judge

Cherie Phillips appeals from the decision of the district court, on appeal from the magistrate division, affirming an order requiring payment of a visitor fee in a guardianship case.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Phillips petitioned for guardianship over her mother who suffered from late-stage Alzheimer's disease.  The magistrate court appointed a court visitor who prepared and filed a report as required by I.C. § 15-5-303.  On the same day the visitor's report was filed, the magistrate court issued a letter of temporary guardianship.[1]  Phillips' mother died a few weeks

---

[1]     Although the register of actions from the guardianship proceeding contains entries for both the visitor's report and the letter of temporary guardianship, the two documents are absent from the record on appeal.  Consequently, it is unclear who was named the temporary guardian of

1

later--apparently sometime after social workers and physicians from a local hospital had assumed control over medical decision-making for Phillips' mother. Four months after the death of Phillips' mother, Phillips filed a pro se motion seeking disallowance of the visitor's fee. Phillips' motion alleged, among other things, that the visitor had falsified her report and that social workers and physicians had conspired to "forcibly euthanize" Phillips' mother.

Phillips did not request a hearing and no action was taken on the motion. Two years later, the magistrate court received a letter from Phillips inquiring about the status of her motion.[2] The magistrate court subsequently held a telephonic hearing, during which Phillips requested additional time to file evidence that her mother had been "murdered." The magistrate court denied Phillips' request for additional time and ordered payment of the visitor's fee from the estate of Phillips' mother, concluding that the visitor was entitled to the fee by statute.

Phillips filed a pro se appeal to the district court, challenging the denial of her requests for additional time and disallowance of the court visitor's fee. The district court affirmed, and Phillips again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not affirm or reverse the decision of the magistrate court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970,

---

Phillips' mother. However, a document purporting to be a copy of the court visitor's report is attached as an exhibit to Phillips' motion seeking review of the visitor's fee.

[2]     Phillips' letter is also absent from the record on appeal. The letter is, however, referenced in the district court's decision on intermediate appeal.

973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

Phillips argues the magistrate court erred by denying her request for additional time, applying civil statutes to a case "governed under Criminal Law, Civil Law, and U.S. Constitutional Law," and ordering payment of the visitor's fee despite alleged misconduct by the court visitor.[3] Assuming without deciding that the order to pay the visitor's fee was appealable and Phillips has standing to appeal,[4] we conclude that Phillips has failed to show that it was error to order the payment of the visitor's fee.

The magistrate court denied Phillips' request for disallowance of the visitor's fee based on the conclusion that the court visitor was entitled to the fee she requested under I.C. § 15-5-314.[5] Phillips fails to present any cogent arguments supported by relevant legal authority that this conclusion was error. Rather, Phillips devotes her pro se brief to making unsupported and implausible accusations that the court visitor "hallucinated" her report to the magistrate court and that social workers and physicians conspired to place her mother into an opioid-induced coma and starved her to death. Phillips' legal arguments and citations to authority focus on whether the

---

[3] Phillips' brief also seeks review of "such other issues applicable to [her motion to review the court visitor's fee]." This Court will not search the record for error. If an issue is not argued and supported as required by the Idaho Appellate Rules, the issue is deemed waived. I.A.R. 35(a)(6); *see also Liponis v. Bach*, 149 Idaho 372, 375, 234 P.3d 696, 699 (2010).

[4] It is unclear whether the order for payment of the visitor's fee is an appealable order under I.A.R. 11 or that Phillips is a party aggrieved by the order such that she is entitled to appeal under I.A.R. 4. However, because we dispose of Phillips' appeal without reaching the merits, we need not resolve these issues.

[5] Idaho Code Section 15-5-314(1) provides, in pertinent part:

> If not otherwise compensated for services rendered or expenses incurred, any visitor, guardian ad litem, physician, guardian, or temporary guardian appointed in a protective proceeding is entitled to reasonable compensation from the estate for services rendered and expenses incurred in such status, including for services rendered and expenses incurred prior to the actual appointment of said guardian or temporary guardian which were reasonably related to the proceedings.

3

social worker's and physician's alleged conduct constituted a criminal act or a human rights violation. However, none of Phillips' arguments nor any of her cited legal authorities support the conclusion that the magistrate court erred in denying her an extension of time or in applying I.C. § 15-5-314 or that the district court erred in affirming the magistrate court's decision.

Pro se litigants, like Phillips, are held to the same standard as those represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). We will not entertain issues unsupported by cogent argument and legal authority. *Bach v Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Because Phillips' brief is devoid of cogent argument or citations to relevant authority supporting her issues on appeal, we need not address the merits of Phillips' appeal.

## IV.
## CONCLUSION

Phillips has not presented cogent argument or citations to relevant legal authority that it was error to deny her an extension of time or to order payment of the visitor's fee. Thus, we will not consider these issues on appeal. Accordingly, the district court's appellate decision affirming the magistrate court's order requiring payment of the court-appointed visitor's fee is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.