BURDICK, Chief Justice.
I.NATURE OF THE CASE
This case is an appeal from the district court’s appellate review affirming the magistrate’s denial of Appellant’s motion to modify child support. We reverse and remand.
II.BACKGROUND
Monica Garner, Appellant, and Christopher Garner, Respondent, parents of two minor children, sought a divorce in 2010. They were both represented by counsel in that action and entered into a stipulation addressing the terms of their divorce, including child custody and child support. Under the terms of that stipulation, Appellant was awarded primary physical custody of the children, and Respondent agreed to pay a total of $50 a month in child support. The magistrate court did not hold a hearing regarding the stipulation. On October 26, 2010, the magistrate entered a judgment granting Appellant and Respondent a divorce under the terms of the stipulation. Neither party objected, moved for clarification or reconsideration, or appealed the judgment.
In 2012, Appellant filed a motion to modify the judgment, seeking an increase in the monthly child support payment to $608.71, to conform with the Idaho Child Support Guidelines. Respondent moved to dismiss the motion on the grounds that there had not been a substantial and material change in circumstances warranting a modification. The magistrate court heard oral argument on Respondent’s motion to dismiss, noting that both parties were currently represented by counsel and had been represented by counsel when the parties divorced. The magistrate court explained, “I have written stipulations and agreements and it’s clear from this record that Mr. Garner apparently at some point in this negotiation agreed on the custody arrangement that was made and Mrs. Garner agreed to lesser support — accepting lesser support.” Ruling that there was no material change in circumstances, the magistrate dismissed Appellant’s motion and awarded Respondent attorney’s fees.
Appellant appealed to the district court, which affirmed the magistrate court’s decision in all respects. The district court also awarded Respondent attorney’s fees and costs for the appeal. Appellant timely filed a notice of appeal from the district court’s ruling.
III.STANDARD OF REVIEW
When a district court renders a decision sitting in its capacity as an appellate court, this Court reviews the decision under the following standard:
The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate’s findings of fact and whether the magistrate’s conclusions of law follow from those findings. If those findings are so supported and the *935 conclusions follow therefrom and if the district court affirmed the magistrate’s decision, we affirm the district court’s decision as a matter of procedure.
Losser v. Bradstreet, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting Nicholls v. Blaser, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). We do not review the magistrate court’s decisions; we are “procedurally bound to affirm or reverse the decisions of the district court.” Id. (quoting State v. Korn, 148 Idaho 413, 415 n. 1, 224 P.3d 480, 482 n. 1 (2009)). The Court “exercise[s] free review over the issues of law decided by the district court to determine whether it correctly stated and applied the applicable law.” Peterson v. Peterson, 156 Idaho 85, 88, 320 P.3d 1244, 1247 (2014) (quoting State Dep’t of Health & Welfare v. Slane, 155 Idaho 274, 277, 311 P.3d 286, 289 (2013)). “The decision whether to modify an order of child support because of a substantial and material change of circumstances is within the sound discretion of the trial court....” Noble v. Fisher, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995). This Court will find an abuse of discretion if the magistrate’s discretion was “exercised without consideration being given to relevant factual circumstances.” Rohr v. Rohr, 128 Idaho 137, 141, 911 P.2d 133, 137 (1996).
IV. ANALYSIS
The district court affirmed the magistrate’s ruling that there was not a material change in circumstances so as to permit a child support modification under the Idaho Child Support Guidelines. We reverse and vacate the awards of attorney fees by both the magistrate and the district court and remand.
A. Modification of Child Support
Child support awards, the factors to be considered in calculating support, and the existence of child support guidelines are all authorized by statute. I.C. § 32-706. Pursuant to the legislature’s directive, this Court promulgated Child Support Guidelines, which were in effect at the time of the Garners’ divorce. I.R.C.P. 6(c)(6) (2010) (I.C.S.G.) The parties in this case, although represented by counsel, agreed to child support in the amount of $25 per month, per child. Appellant seeks to modify the child support to conform to the Guidelines.
Respondent argues that Appellant is barred from making a “collateral attack” on the original child support award, and the district court found that Rule 60(b) was the only method by which Appellant could have sought modification, relying on this Court’s decision in Waller v. State, 146 Idaho 234, 192 P.3d 1058 (2008). In Waller, a default judgment of child support was entered against a putative father in an action brought by the state to recover assistance payments made to the mother and to set a child support amount. Years later, DNA tests revealed he was not the child’s father, and he sought to recover sums paid, along with an order setting aside his child support obligation. Id. at 239, 192 P.3d at 1063. We held that res judicata barred him from relitigating the paternity issue, as it had been settled in the default judgment, and that therefore only the equitable remedies of Rule 60(b) remained available to him on the paternity issue. Id. That case is unavailing, however, on the issue of modifying child support.[1]
Child support, because it is for the benefit of the child, is different. As we have said, the general rule that judgments are conclusive upon the parties “is not to be applied strictly in all determinations affecting the welfare of children of divorced parents. The jurisdiction of the court continues after divorce for the protection of the welfare of such children.” Stewart v. Stewart, 86 Idaho 108, 113-14, 383 P.2d 617, 619 (1963). In fact, this Court has previously stated:
While we recognize the multitude of authority cited by appellant illustrating the doctrines of estoppel by judgment and res *936 judicata and the necessity for timely request for modification within the statutory period, we hold that they do not apply to a case of this nature where the specific issue drawn in question is that of child support.
Alber v. Alber, 93 Idaho 755, 758, 472 P.2d 321, 324 (1970) (internal citation omitted). Therefore, motions for modification of support are not limited to Rule 60(b).
Appellant argues that section 5 of the Guidelines allows a court to consider a modification in her case, and we agree. That section states: “The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations.” I.C.S.G. § 5. The district court, upon analyzing this section, concluded that “the only consistent way to read this provision is that the adoption of the rule could be a ‘change in circumstance’ ... [or] if the guidelines as a whole are amended ... the event of such amendment might constitute a change supporting modification.” This interpretation of the rule was in error.
The district court’s conclusion that the rule only applies to the adoption of the Guidelines, or their amendment, cannot be correct because the rule read quite differently at the time the Guidelines were adopted in 1989. The current wording of Section 5, relied on by the district court, was not adopted until 1992. As originally written, Section 5 provided: “These Guidelines alone, absent a substantial and material change of circumstances, are not intended as grounds in and of themselves for granting a motion for modification for child support obligations entered before April 1, 1989.” See April 3, 1992, Minutes of Idaho Child Support Guidelines Committee, at 4. Clearly, then, the adoption of the rules themselves was not intended to allow for modification, and the district court’s interpretation to the opposite effect is simply not supported by the historical wording. Three years after adoption of the Guidelines, effective July 1, 1992, the wording of Section 5 was changed dramatically, and it now provides that the Guidelines in fact “may constitute a substantial and material change.” In effect, the rule now permits what it once prohibited. The Committee notes make this clear:
The committee discussed at length the problems which can arise if all child support awards were potentially open for reevaluation under the guidelines. Many of the members discussed problems which have been pointed out by attorneys and judges in their areas. However, the committee finally voted by a[n] 11-1 vote ... to approve the amendment to section 5....
Id. (emphasis added). The use of “all” indicates that the committee’s intent in rewording the rule was to allow any support award to be re-evaluated for conformance with the Guidelines. Further, the notes indicate the committee was aware of the possible systemic difficulties if all support awards could potentially be re-evaluated and, despite this awareness, still approved the change.
This Court has already recognized that the application of the Guidelines can now be used to determine that a substantial change has occurred:
The child support guidelines in effect at the time the trial court entered its order to modify[] precluded the application of the guidelines in determining whether or not a material, permanent and substantial change of circumstances had occurred. However, the child support guidelines amended on May 1,1992 and effective July 1, 1992, provide: “Section 5. Modifications. The amount of child support provided for under these Guidelines may constitute a substantial and material change of circumstances for granting a motion for modification for child support obligations.”
Levin v. Levin, 122 Idaho 583, n. 2, 836 P.2d 529, n. 2 (1992) (emphasis added). The purpose of section 5 is to allow modification if, after applying all the relevant factors and the income table in the current Guidelines, the amount of child support called for represents a substantial and material change from the support presently being paid. “The amount ... may constitute a substantial and material change____” I.C.S.G. § 5 (emphasis added). This conclusion is supported by the strong public policy favoring fair and ade *937 quate child support awards that are in the best interests of the children.
That policy has been well enunciated by the legislature and in the precedent of the Idaho appellate courts. The legislature’s enacted purpose for the child support guidelines is “to create a uniform procedure for reaching fair and adequate child support awards.” I.C. § 32-706(5). As we have already said, “although the threshold question is whether a permanent and substantial change in the circumstances has occurred, the paramount concern is the best interest of the child.” Levin, 122 Idaho at 586, 836 P.2d at 532 (citing Cope v. Cope, 98 Idaho 920, 576 P.2d 201 (1978)). It has long been the policy in Idaho that parents cannot waive a child’s right to support. “Child support is for the benefit of the children. Although a mother may benefit indirectly from child support payments, she is not the real person in interest who can waive the rights of the child.” Alber, 93 Idaho at 758, 472 P.2d at 324. In Idaho, “[in] any proceeding where child support is under consideration, child support shall be given priority over the needs of the parents____” I.C.S.G. § 4(b). The requirement that deviations from the Guidelines amount must be supported by specific findings is there to protect the child entitled to the support.
Awards of child support and attorney fees are committed to the trial court’s sound discretion. However, they are not insignificant — or worthy only of summary treatment — merely because they are discretionary. When a judge rules on child support, he dedicates a certain level of future resources to the care and development of children. His ruling profoundly affects the standards of living enjoyed by the children and by both of their parents.
Bailey v. Bailey, 107 Idaho 324, 329, 689 P.2d 216, 221 (Ct.App.1984) (internal citation omitted).
The reason for the child support statute, and the Guidelines it authorizes, is to make sure judges are making decisions in the children’s best interests. Those Guidelines are not merely suggestions. Rather, the legislature has enacted a mandatory, rebuttable presumption that the amount of child support in the Guidelines is the correct amount of support. That statute plainly provides:
There shall be a rebuttable presumption that the amount of the award which would result from the application of the guidelines is the amount of child support to be awarded, unless evidence is presented in a particular ease which indicates that an application of the guidelines would be unjust or inappropriate. If the court determines that circumstances exist to permit a departure from the guidelines, the judge making the determination shall make a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in the particular ease before the court.
I.C. § 32-706(5). These requirements are set forth in the Guidelines as well. The amount of support indicated in the Guidelines “is the amount of child support to be awarded unless evidence establishes that amount to be inappropriate. In such case the court shall set forth on the record the dollar amount of support that the Guidelines would require and set forth the circumstances justifying departure from the Guidelines____” I.C.S.G. § 3. The statute also states clearly that there “shall be a rebuttable presumption that a minimum amount of support is at least $50.00 per month per child,” I.C. § 32-706(5), and the Guidelines explain, “[r]arely should the child support obligation be set at zero.” I.C.S.G. § 4(d).
The rules are quite clear that in all cases, the child support awarded must be the amount stated in the Guidelines unless some evidence justifies a deviation. It is the judge’s duty to explain the reason for any deviation. There is no exception in the rules or the statute for agreements between the parties; the Guidelines apply “in all judicial proceedings that address the issue of child support____” Id. at § 2.
There may be a concern about the legislature telling judges how to frame their decisions — an issue not raised here. But even our court rules say there shall be findings of fact and conclusions in the trial court: “In all actions tried upon the facts without a *938 jury ... the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment____” I.R.C.P. 52(a). The purpose of this rule is to give the appellate court a “clear understanding of the trial court’s decision so that it may determine whether the trial court applied the proper law in reaching its ultimate judgment.” Jenkins v. Jenkins, 138 Idaho 424, 427, 64 P.3d 953, 956 (2003). In fact, specifically regarding child support, our Court of Appeals has explained,
When a trial judge gives no explanation for a discretionary decision, the parties and an appellate court are left to speculate about the decisional process.... [Ajdjudicative discretion — discretion which determines or directly affects the outcome of litigations— demands a reasoned explanation. Child support and attorney fee awards fall into this latter category. They represent important components in the outcome of divorce litigation. Moreover, the obligation to state reasons is heightened where, as here, the discretionary acts have been deemed important enough to warrant legislative guidelines.
Bailey, 107 Idaho at 329, 689 P.2d at 221.
The fact that the parties were represented by counsel when they entered into the agreement does not change the fact that the judgment originally entered in this case called for a significant, unsubstantiated deviation from the Guidelines. Both the statute and the Guidelines call for findings of fact and conclusions of law for a substantial deviation from the Guidelines. Nothing in our precedent suggests that representation by counsel changes that. The better practice is for the attorneys, when representing parties to an agreement that deviates significantly from the Guidelines, to provide an affidavit of findings and conclusions accompanying the agreement.[2] The judge can then make an informed decision and help protect the parties from a multiplicity of lawsuits to change child support.
As Respondent points out, the amount of support called for in the Guidelines is not always what is awarded, once all the appropriate factors, as outlined in both the governing statute and the Guidelines themselves, are properly considered. The Guidelines do allow for adjustments to the basic support figure; however, this is a complex analysis of child care and transportation costs, clothing and educational allowances, and extended visits, all of which may apply to rebut the presumptions. But it is for a judge to consider this information and to make the required findings before abdicating to the parties’ stipulation.[3] There must be some action by counsel or the court to examine the relevant facts and show reasons for the award of such a small amount of support. The primary concern for everyone involved, including the attorneys and the court, must be the child’s best interests.
In this case, we are not talking about a minor deviation from the support guidelines. This was a virtual forfeiture of child support. There is no explanation for this deviation except in hindsight during this litigation rather than the proper findings and conclusions called for in statute and rule. Neither the original judgment nor the district court’s ruling on the motion to modify support protects the welfare of the children. No facts were ever elicited in this case to rebut the statutory or Guidelines presumption. The required procedure was not followed, and no reasons were given as to why the Guidelines were not followed. There seemed to be no inquiry here as to why such *939 a drastic deviation from the Guidelines was justified.
The district court found that the magistrate had not abused his discretion in dismissing Appellant’s motion to modify support to conform to the Guidelines. To determine whether there has been an abuse of discretion, we review: (1) whether the trial court correctly perceived the issue as one of discretion, (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether the trial court reached its decision by an exercise of reason. Chavez v. Barrus, 146 Idaho 212, 225, 192 P.3d 1036, 1049 (2008).
Here, the district court erred in finding that the magistrate had not abused his discretion. The magistrate did not act consistently with the applicable legal standards in that the amount of child support awarded originally is a gross and substantial deviation from the Guidelines amount and, under the rules, the presumption of the Guidelines amount constitutes a material change permitting a motion for modification. It was therefore error for the district court to affirm the magistrate’s ruling.
B. Attorney Fees
The magistrate found that Appellant’s motion was brought without any legal basis and awarded Respondent attorney fees. The district court affirmed and, finding there was no legal basis for any of the issues raised by Appellant on appeal, assessed attorney fees for the appeal under Idaho Code section 12-121. Because of our ruling, we vacate the magistrate’s and the district court’s awards of fees under section 12-121.
Y. CONCLUSION
We remand to the district court for further proceedings, including a remand to the magistrate for further findings with regard to the child support issue. Costs to Respondent.
Justices J. JONES, HORTON and KIDWELL, Pro Tern concur.

. The dissent cites to Miller v. Miller, 96 Idaho 10, 523 P.2d 827 (1974), another case involving the question of paternity, in support of the theory that the Section 5 amendment to the Guidelines does not permit a motion to modify the original judgment when it substantially deviates from the Guidelines support amount; Miller predates the adoption of the Section 5 amendment to the Guidelines and the Guidelines themselves.

. As a personal aside, I questioned Appellant’s counsel closely at oral argument of this case as to an attorney’s responsibility under the Idaho Rules of Professional Conduct, specifically Rule 1.1 comment (5) and Rule 3.3(d). Again, I reiterate a substantial deviation should be accompanied with an affidavit showing the court the relevant facts and applicable law to support the deviation, especially in default proceedings.

. Canon 3 of the Idaho Code of Judicial Conduct says: "A judge shall perform the duties of judicial office impartially and diligently.... The judge's judicial duties include all the duties of the judge’s office prescribed by law.” In these cases, Idaho statutes and Idaho Child Support Guidelines rules make it very plain our courts must be vigilant and protective of children's rights. This is only a reminder of the solemn duty and burden a judicial career carries — no matter the agreement of the parties or lawyers, or the caseload.