**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42832**

| | | |
|---|---|---|
| **DAVID R. DAVIES,** | ) | **2016 Opinion No. 19** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed:  March 2, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SUSAN DAVIES,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Michael J. Reardon, Magistrate.

Order on intermediate appeal from the magistrate affirming orders awarding attorney fees and order modifying child custody and support, <u>affirmed</u>.

Smith Horras, P.A.; Ellen N. Smith, Boise, for appellant.

Stoel Rives, LLP; W. Christopher Pooser, Boise, for respondent.

_____

MELANSON, Chief Judge

David R. Davies appeals from the district court's order on intermediate appeal affirming the magistrate's orders awarding attorney fees to Susan Davies and order modifying child custody and support.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

David and Susan divorced in 2011, having two minor children.  In November 2012, Susan filed a petition to modify child custody and support.  Susan filed a motion for attorney fees pursuant to I.C. § 32-704 and, on June 17, 2013, the magistrate ordered David to pay $7,500 of Susan's attorney fees.  Thereafter, Susan made another request for attorney fees, and on January 16, 2014, the magistrate ordered David to pay an additional $22,000, plus various costs.

Ultimately, the magistrate modified child custody and support. David appealed to the district court, alleging that the magistrate erred in awarding Susan attorney fees in both instances. In addition, David argued that the magistrate erred in calculating Susan's income for child support purposes and in ordering David to pay a portion of the health insurance premiums. The district court affirmed. David again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

## ANALYSIS

### A.   Attorney Fees

David alleges that the district court erred in holding that the magistrate did not abuse its discretion in awarding Susan attorney fees. The magistrate made the attorney fees award under the authority of I.C. §§ 32-704 and 32-705. Section 32-704(3) provides:

The court may from time to time after considering the financial resources of both parties and the factors set forth in section 32-705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Section 32-705 establishes:

1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
   (a) Lacks sufficient property to provide for his or her reasonable needs; and
   (b) Is unable to support himself or herself through employment.
2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:
   (a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
   (b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
   (c) The duration of the marriage;
   (d) The age and the physical and emotional condition of the spouse seeking maintenance;
   (e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;
   (f) The tax consequences to each spouse;
   (g) The fault of either party.

The Idaho Supreme Court has ruled:

Pursuant to I.C. § 32-704, the district court has original jurisdiction in determining whether to require one spouse, during the pendency of an appeal from a judgment in a divorce action, to pay to the other spouse such sums as may be necessary for that spouse to prosecute or defend the action. Whether an award should be made, and if so, the amount of the award necessary to pay costs and attorney's fees on appeal, are issues addressed to the sound discretion of the trial court. Although attorney's fees and costs may be allowed on original application in this Court,

> [i]t is the policy of this court to leave to the district court, under authority of section 32-704 I.C., the making and enforcing of all orders necessary to provide the wife with the means of prosecuting or defending on appeal, and temporary alimony, and to exercise its

3

original jurisdiction only upon a showing that such action is
necessary to the exercise of its appellate jurisdiction.

*Wilson v. Wilson*, 131 Idaho 533, 537, 960 P.2d 1262, 1266 (1998) (citations omitted) (quoting *Brashear v. Brashear*, 71 Idaho 158, 165, 229 P.2d 243, 247 (1951)).  In order for a trial court to award attorney fees established by I.C. § 32-704(3), it is necessary that the court consider the factors set forth in I.C. § 32-705.  *Jensen v. Jensen*, 128 Idaho 600, 607, 917 P.2d 757, 764 (1996).  Additionally, in *Jensen* the Idaho Supreme Court found that a disparity in income is sufficient to support a magistrate's conclusion that the party with the higher income should pay a share of the other party's attorney fees under I.C. § 32-704.  *Jensen*, 128 Idaho at 607, 917 P.2d at 764.

### 1.    June 17, 2013, award

David alleges that the magistrate abused its discretion in its award of attorney fees to Susan on June 17, 2013, because it did not act consistently with the legal standards applicable to awards of attorney fees pursuant to I.C. §§ 32-704 and 32-705.  Specifically, David alleges that there was no demonstration by the magistrate that the factors set forth in I.C. § 32-705 were considered.

After hearing argument from both sides, the magistrate explained:

It appears to me, post-divorce proceedings, under 32-704, 32-705, I am to consider the relative assets of the parties, their ability to essentially finance the litigation and to meet ordinary expenses.  And I also think it comes with some discretion in making a decision whether or not to award fees based upon the findings.

It's pretty clear that [David] has far more resources than [Susan] in this case.  If the objective is to get [Susan] to waste all of her resources in responding to this litigation, that's not an objective reason that can be supported either by the policy or the statute.

I don't understand what the depositions of Scout leaders is in the context of this case.  There doesn't--there's not any objective reason offered to me why that's a legitimate litigation step.

It appears to me that even though [Susan] did file the initial complaint and has filed a number of her own motions, those motions tended to be, in my view at least, reasonably calculated to get at the issues that come up in these types of cases.

[David's] motions, and what I've heard about the discovery tactics, seems to me more trying to increase the burden on [Susan] in defending the lawsuit or prosecuting the lawsuit.  That's my impression, based upon all of the affidavits that I have read up to this point.

4

I think it's fair to award [Susan] attorneys[] fees. I'm not going to give her $10,000. I will make an award of $7,500 to be paid within 30 days.

David alleges that the magistrate did not follow applicable legal standards when it failed to discuss several of the elements listed in I.C. § 32-705--Susan's employment, the duration of the marriage, the age and the physical and emotional condition of Susan, David's ability to meet his needs while meeting those of Susan, and the tax consequences to each spouse. However, David misunderstands the magistrate's obligation regarding the I.C. § 32-705 elements. The magistrate must have considered and cited the factors listed in I.C. § 32-705 in its decision. *See Jensen*, 128 Idaho at 606, 917 P.2d at 763. The magistrate is not, however, required to discuss each individual element of I.C. § 32-705 in its decision. In this case, the magistrate demonstrated that it understood that I.C. §§ 32-704 and 32-705 governed the award of attorney fees to Susan when it cited both sections in its decision. In addition, the magistrate demonstrated that it considered the elements of I.C. § 32-705 in making its determination when it explained, "I am to consider the relative assets of the parties, their ability to essentially finance the litigation and to meet ordinary expenses." While further explanation may have been helpful for the parties and this Court to understand the magistrate's decision to award Susan attorney fees, the magistrate met the minimum requirements for awarding attorney fees under I.C. §§ 32-704 and 32-705--it considered and cited the factors listed in I.C. § 32-705 in its decision.

David further alleges that there was insufficient evidence in the record to support the magistrate's finding that there was a disparity between David's and Susan's incomes to justify an award of attorney fees to Susan. Where a trial court sits as a finder of fact without a jury the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Estate of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the facts found to the applicable law. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Despite David's claim that there was nothing in

the record to support the magistrate's finding that there was a disparity of income, the record contains a document entitled "Affidavit Verifying Income," signed by David and notarized. That document lists David's annual income as $72,000 and Susan's annual income as $36,750. A disparity in income is sufficient to support a magistrate's conclusion that the party with the higher income should pay a share of the other party's attorney fees under I.C. § 32-704. *Reed v. Reed*, 157 Idaho 705, 720, 339 P.3d 1109, 1124 (2014); *McGriff v. McGriff*, 140 Idaho 642, 654, 99 P.3d 111, 123 (2004); *Jensen*, 128 Idaho at 606, 917 P.2d at 763. Accordingly, the magistrate did not err in ordering David to pay a portion of Susan's attorney fees.

David makes a number of additional allegations regarding the magistrate's award of attorney fees to Susan, including that the magistrate erred in concluding that David's motions and discovery actions were improper. We need not address any of the additional issues because assuming, without deciding, the magistrate erred in making an award of attorney fees on those other bases, the magistrate was nonetheless justified in awarding Susan attorney fees under I.C. § 32-704, as discussed above. Accordingly, any error that may have occurred was harmless.

### 2. January 16, 2014, award

David similarly alleges that the magistrate abused its discretion in awarding Susan attorney fees on January 16, 2014. Susan sought attorney fees under the authority of I.C. §§ 12-121, 12-123, and 32-704. During a hearing on the motion for attorney fees, the magistrate explained:

> Under 12-121 I can't award attorney fees . . . without finding that the action was unreasonable, frivolous or without foundation in either its commencement or its pursuit. There were many things that it seems to me were fairly debatable questions of law and fact. But there were many other actions that weren't.

Based upon that explanation, the magistrate denied Susan's request for attorney fees under Sections 12-121 and 12-123. However, later in the hearing the magistrate held:

> I've addressed 12-121 and in a way 12-123. I also think that there's support for an award under 32-704, 32-705. I think there is when considering the incomes of and expenses as a whole a much greater ability on [David's] part to . . . afford the attorney[] fees that he was largely responsible for generating. And on that basis we'll also award the amounts that I've indicated.

Accordingly, the magistrate ordered David to pay a portion of Susan's costs and attorney fees. As explained above, regarding the prior award of attorney fees, there is support for the award

6

under the authority of I.C. § 32-704 and *Jensen* due to the discrepancy between David's and Susan's incomes. Thus, the district court did not err in affirming either of the magistrate's awards of attorney fees to Susan.

**B.      Child Support Calculation**

David alleges that the district court abused its discretion in calculating his child support obligation. Specifically, David alleges that the magistrate erred in refusing to include rental income in Susan's income calculation and in requiring David to pay a portion of the health care premiums, which covered both their minor and adult children.

An existing order or decree of child support may be modified only upon a showing of a substantial and material change of circumstances. I.C. § 32-709(1). Therefore, a motion to modify child support must state a substantial and material change in the moving party's circumstances since the last order affecting support obligations. *Kornfield v. Kornfield*, 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct. App. 2000). In an action to modify child support, the party seeking the modification carries the burden of proof. *Humberger v. Humberger*, 134 Idaho 39, 43, 995 P.2d 809, 813 (2000); *Pace v. Pace*, 135 Idaho 749, 752, 24 P.3d 66, 69 (Ct. App. 2001). Modification of child support on the ground of material change in circumstances is within the sound discretion of the trial court and will not be altered on appeal unless there is a manifest abuse of discretion. *Margairaz v. Siegel*, 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct. App. 2002).

**1.      Rental income**

David alleges that the magistrate abused its discretion in failing to impute $600 per month in rental income in Susan's income when calculating child support obligations. With regard to Susan's rental income of $600 from renting space in her house, Susan testified:

> I'm not sure if I have rented it at all in that time, because Dave reported me to Planning and Zoning for renting it illegally, even though before our divorce we had rented it for almost four years. . . .
>       So as soon as the current renters had to move out, I couldn't rent it again.

Susan further testified that she believed she was allowed to rent the space as a room in her house, rather than an apartment, as long as there was no cooking range in the space. During the hearing, the magistrate considered David's assertion that rental income should be included as income and provided the following explanation for not including it:

I thought about the rental income. . . . I found it really hard to listen to you that you called and reported her for illegally renting this room that you had at one time enjoyed the rental income from. It just seems spiteful and mean, frankly.

And I'm not convinced at this point that that is a reliable source of income going forward in the future. . . . I have considered it, and I'm not going to [impute] that amount to her.

Modification of child support on the ground of material change in circumstances is within the sound discretion of the trial court and will not be altered on appeal unless there is a manifest abuse of discretion. *See Margairaz*, 137 Idaho at 558, 50 P.3d at 1053. David has not shown, given the full context of the rental income, that the magistrate abused its discretion in declining to impute the rental income to Susan.

## 2. Insurance premiums

David alleges that the magistrate abused its discretion in ordering David to pay a share of the health insurance premiums, which covered the two minor children and two adult children. According to David:

Susan testified that she has health insurance. Further, she testified that she has the parties' two adult children currently on her health insurance policy. The minor children who were the subject of this litigation were on David's health insurance policy at the time of trial. Susan further testified that she could easily add the parties' minor children to her policy and stated that "its no more cost to have the (minor) boys on that health insurance." In other words, Susan's premium that she was already paying for the parties' two adult children would not increase at all if she added the parties' minor children. It would not cost either of the parties any additional money for the minor children to be covered under Susan's health insurance policy.

(Citations omitted.)

Essentially, David alleges that, because Susan was paying insurance premiums which covered their adult children and the minor children could be added at no extra cost, ordering him to pay a portion of Susan's insurance premiums amounted to impermissibly ordering David to pay a portion of the insurance premiums to cover the adult children. As noted by the district court on appeal, David did not raise this issue before the magistrate. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Accordingly, the district court did not err in refusing to address this issue and in affirming the magistrate's child support order.

8

## IV.
## CONCLUSION

David has not shown that the district court erred in affirming the magistrate's award of attorney fees to Susan. Nor has David shown that the magistrate erred in its calculation of child support. Therefore, we affirm the district court's order on intermediate appeal affirming the orders awarding attorney fees to Susan and order modifying child custody and child support. Costs, but not attorney fees, are awarded to Susan on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.