**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44350**

| | | |
|---|---|---|
| **MANDY L. VALENTINE,** | ) | **2017 Opinion No. 22** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed:  April 4, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DAN VALENTINE,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.  Hon. Rick Carnaroli, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment and decree of divorce, <u>affirmed</u>.

May, Rammell & Thompson, Chtd.; Peter M. Wells, Pocatello, for appellant.

Smith & Banks, PLLC; Jeffery W. Banks, Idaho Falls, for respondent.

_____

MELANSON, Judge

Mandy L. Valentine appeals from an intermediate appellate order of the district court affirming the magistrate's judgment and decree of divorce.  Specifically, Mandy argues that the magistrate erred in determining Dan Valentine's monthly child support obligation.  For the reasons set forth below, we affirm.

Mandy and Dan were married in 2005 and had two children.  In 2014, Dan filed a complaint for divorce.  At trial, the parties disagreed about Dan's income for the purpose of determining child support.  Mandy argued that, because Dan's employer paid Dan's health insurance premiums as part of his compensation, such contributions should be considered gross income or a fringe benefit for the purpose of calculating his income.  Mandy also argued that the individual mandate of the Affordable Care Act required Dan to have health insurance.  She

1

reasoned that, because Dan's employer paid for a portion of his health insurance, Dan's living expenses were reduced. The magistrate calculated Dan's child support obligation without including the value of his employer's contributions to Dan's health insurance premiums and entered a decree of divorce. Mandy appealed to the district court, alleging that the magistrate erred in calculating Dan's child support obligation by omitting the value of the employer's contribution to Dan's health insurance premiums. The district court affirmed. Mandy again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*. The Court exercises free review over issues of law decided by the district court to determine whether it correctly stated and applied the applicable law. *Garner v. Garner*, 158 Idaho 932, 935, 354 P.3d 494, 497 (2015). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

On appeal, the sole issue is whether health insurance premiums provided by Dan's employer constitute a fringe benefit for the purpose of calculating Dan's income under the Idaho

Child Support Guidelines.[1]  Courts use I.C. § 32-706 and the guidelines to determine a parent's child support obligation.  Any interpretation of the guidelines is a question of law over which this Court exercises free review.  *Kornfield v. Kornfield*, 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct. App. 2000).  Where the language of the guidelines is clear and unambiguous, courts must interpret it in accordance with its plain language and follow it as promulgated.  *Noble v. Fisher*, 126 Idaho 885, 889, 894 P.2d 118, 122 (1995).

The guidelines are intended to give specific guidance for evaluating evidence in child support proceedings and establishing child support obligations.  I.F.L.R.P. 126(A).  For the purpose of calculating a parent's income in order to determine his or her child support obligation, the guidelines provide that "income shall include the gross income of the parents and if applicable, fringe benefits and/or potential income; less adjustments."  I.F.L.R.P. 126(F).  Gross income under the guidelines includes income from any source, and the rule lists numerous specific sources which are to be included in the definition, as well as exceptions. I.F.L.R.P. 126(F)(1)(a).[2]  Relating to fringe benefits subject to inclusion in the income calculation formula in Rule 126(F), the guidelines provide:

> *Fringe Benefits Defined*.  Fringe benefits received by a parent in the course of employment, or operation of a trade or business shall be counted as income if they are significant and reduce personal living expenses.  Such fringe benefits might include a company car, free housing, or room and board.

I.F.L.R.P. 126(F)(2).

The magistrate ruled that Dan's employer-provided health insurance premiums were neither gross income nor a fringe benefit for the purpose of calculating Dan's child support obligation.  Specifically, the magistrate found:

> [Dan's] group health insurance benefit is not gross income either.  The Affordable Care Act did not create a new category of gross annual income.  Since

---

[1]  The guidelines are set forth in Rule 126 of the Idaho Rules of Family Law Procedure (I.F.L.R.P.).

[2]  On appeal, Mandy does not challenge the magistrate's finding that Dan's employer-paid health insurance premiums did not constitute gross income under the guidelines but only argues that those contributions constitute a fringe benefit.  Therefore, we need not analyze the guidelines' definition of gross income in the context of this case.

the adoption of the Idaho Child Support Guidelines, this court cannot imagine that any employer that was providing group health insurance benefits could not have provided information that determined its cost to provide its employees a group health insurance benefit. Under [I.F.L.R.P. 126(F)(l)(i)] and under the rule that proceeded it, [I.R.C.P. (6)(c)(6)], neither employer provided group health insurance benefits, nor any similar benefits are considered gross income.

Similarly, the Affordable Care Act did not create a new class of fringe benefits. Once again, employers have been providing group health care insurance for their employees prior to the enactment and implementation of the Affordable Care Act. [Mandy] seeks to have the court classify the employer's contribution for group health care insurance as a fringe benefit. Again, this is a novel argument, but employers' group health insurance contributions have more than likely always been capable of calculation and the Affordable Care Act did not make them any more capable of calculation. The Affordable Care Act simply requires the employer to provide the costs on an employee's W-2 Form in order to verify compliance of the employee with the health insurance requirements of the act. Additionally, health insurance is not substantially similar to the examples of fringe benefits contained in the rule. *See* [I.F.L.R.P. 126(F)(2)].

Mandy argues that the magistrate erred by determining that the employer's contributions to Dan's health insurance premiums did not constitute a fringe benefit for the purpose of calculating his income under Rule 126(F). Specifically, Mandy contends that the Affordable Care Act, 26 U.S.C. § 5000A, creates a mandate for all individuals to carry health insurance or pay a penalty and therefore increases an individual's personal living expenses. Thus, Mandy asserts that Dan's employer-paid health insurance premiums constitute a fringe benefit under the plain language of Subsection (F)(2) and should be considered income for the purpose of determining Dan's child support obligation.

Mandy contends that "to determine whether a benefit received in the course of employment or operation of a trade or business is a fringe benefit, the court must determine whether the benefit is first, significant, and second, reduces the personal living expense of the individual." The plain language of Subsection (F)(2) does not attempt to set out a basic definition of what constitutes a fringe benefit. For instance, Subsection (F)(2) does not use the generic term "benefit" and apply a two-part test to determine if that benefit constitutes a fringe benefit as Mandy asserts. Rather the first two words of Subsection (F)(2), "fringe benefits," specifically identify the object that is subject to the subsection's subsequent analysis. Consequently, under the plain language of Rule 126(F) and Subsection (F)(2), the analysis for what constitutes a fringe benefit subject to inclusion in the income calculation formula begins

4

with an identified fringe benefit. Subsection (F)(2) then narrows the specific type of fringe benefit that is to be included in the income calculation formula.

The second sentence of Subsection (F)(2) then suggests that this narrowed definition of fringe benefits "might include a company car, free housing, or room and board." This list of examples is neither inclusive nor exclusive. As compared to the inclusive list of the types of income that are to be included in the definition of gross income under Rule 126(F)(1)(a) for the purpose of the income calculation formula in Rule 126(F), Subsection (F)(2)'s use of the term "might include" indicates that not in every circumstance is a particular fringe benefit to be included in the income calculation formula. Consistent with the broader context of the guidelines, the plain language of Subsection (F)(2) suggests that determinations of what constitutes a fringe benefit for the purpose of calculating income is left to the discretion of the magistrate to apply to the circumstances of a particular case.

In sum, we hold that, given the confines of the guidelines, the plain and unambiguous language of Rule 126(F) and Subsection (F)(2) requires that, for a fringe benefit to be included in the income calculation formula, five elements must be met: (1) it must be a fringe benefit; (2) received by a parent; (3) in the course of employment, or operation of trade or business; (4) is significant; and (5) reduces personal living expenses. Applying this standard to this case, the first step in determining whether Dan's employer-paid health insurance premiums should be included in his income calculation is whether those contributions constitute a fringe benefit. Mandy asserts that an interpretation of what constitutes a fringe benefit under the guidelines must be constrained to the plain language of the guidelines and reference to other statutory provisions to interpret the term is improper. We agree. What constitutes a fringe benefit may be interpreted from the plain language of Rule 126(F) and the specific examples articulated in Subsection (F)(2) irrespective of the various uses of "fringe benefits" in other contexts.

As previously discussed, the guidelines provide examples of the type of fringe benefits that might be included in income calculations--a company car, free housing, or room and board. It is notable that the guidelines do not mention items such as health benefits and dental and vision benefits within the context of gross income or fringe benefits. Such benefits have long been examples of employment benefits provided to an employee by an employer. Given that such benefits are common, if it was intended that they be included in income calculations as a

5

fringe benefit, the guidelines would have so specified. The magistrate found that health insurance was not substantially similar to the examples of fringe benefits contained in Rule 126(F)(2) and held that Dan's employer-paid health insurance premiums did not constitute a class of fringe benefit for the purpose of Dan's income calculation under Rule 126(F). Mandy has not demonstrated otherwise and has failed to show the magistrate erred.[3]

Mandy seeks an award of attorney fees on appeal. An award of attorney fees may be granted on appeal under I.C. § 12 121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Dan did not request attorney fees on appeal. Although Mandy requested attorney fees on appeal, she is not the prevailing party and therefore is not entitled to attorney fees on appeal.

Mandy has failed to show that the magistrate erred in omitting employer-paid health insurance premiums from Dan's income calculation for the purpose of determining his child support obligation. Accordingly, the district court's order affirming the magistrate's judgment and decree of divorce is affirmed. Costs, but not attorney fees, are awarded to Dan on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

---

[3] Because we hold that Mandy has failed to meet the first prong of the test (that Dan's employer-paid health insurance premiums are a fringe benefit), we need not address the remaining four prongs--specifically, Mandy's argument pertaining the Affordable Care Act's alleged impact on the cost of personal living expenses.