**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47322**

| | |
|---|---|
| ANDREW JAMES MAXWELL, | ) |
| | ) Filed: December 5, 2019 |
| Petitioner-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DIMITRIYANA MAXWELL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kira L. Dale, Magistrate.

Judgment modifying custody and child support, <u>affirmed</u>.

Bevis, Thiry & Schindele, P.A., Boise; Philip M. Bevis for appellant. Jennifer Schindele argued.

Cosho Humphrey, LLP, Boise; Stanley W. Welsh for respondent argued.

_____

LORELLO, Judge

Dimitriyana Maxwell appeals from a judgment modifying custody and child support. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Andrew James Maxwell and Dimitriyana Maxwell divorced in 2016, having two minor children. Andrew was awarded primary physical custody of the children, with Dimitriyana receiving visitation. Eventually, Andrew moved to Washington to pursue employment opportunities and a romantic relationship, leaving the children in Dimitriyana's custody. After moving to Washington, Andrew filed a petition to modify custody and child support, seeking a new custody schedule that would serve the children's best interests. Dimitriyana filed an answer and counterclaim, seeking a new custody schedule and a child support modification. After a

1

trial, the magistrate court concluded that it was in the children's best interests to grant Andrew's petition, allowing him to relocate the children to Washington during the school year, and awarding Dimitriyana primary physical custody during the summer. Dimitriyana filed a permissive appeal under I.A.R. 12.1.

## II.

## STANDARD OF REVIEW

A magistrate court may modify child custody only when a material, substantial, and permanent change of circumstances indicates that modification is in the best interests of the child. *Woods v. Woods*, 163 Idaho 904, 906, 422 P.3d 1110, 1112 (2018). The decision to modify child custody falls within the trial court's sound discretion. *Id.* We will not substitute our judgment and discretion for the trial court's in the absence of a clear abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion, (2) acted within the boundaries of such discretion, (3) acted consistently with any legal standards applicable to the specific choices before it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Dimitriyana raises three issues on appeal: (1) whether the magistrate court abused its discretion in awarding Andrew primary physical custody of the children; (2) whether the magistrate court abused its discretion in failing to award Dimitriyana retroactive child support; and (3) whether the magistrate court abused its discretion in allocating to Dimitriyana travel costs related to her visitation with the children. We hold that Dimitriyana has failed to establish an abuse of discretion in relation to any of these issues.

### A.     Physical Custody

Dimitriyana argues the magistrate court abused its discretion by granting Andrew primary physical custody of the children and allowing him to relocate them to Washington during the school year. Specifically, Dimitriyana contends that the magistrate court erred in its evaluation of the children's best interests by reaching conclusions unsupported by substantial and competent evidence, failing to give proper weight to Andrew's move to Washington, failing to

2

find that one factor relevant to the children's best interests weighed in Dimitriyana's favor, and overemphasizing a single factor when considering the children's best interests. Andrew argues that the magistrate court reached its conclusions through an extensive analysis that correctly evaluated the evidence under the relevant statutory factors and applicable case law. We hold that the magistrate court did not err in reaching its custody decision.

### 1. Character and circumstances

We begin by examining whether substantial and competent evidence supports the magistrate court's conclusions regarding the best interests of the children. Dimitriyana challenges the magistrate court's conclusion that the character and circumstances of all the individuals involved favored relocating the children to Washington. Dimitriyana contends this conclusion is not supported by substantial and competent evidence. Andrew contends the magistrate court properly concluded this factor does not favor Dimitriyana. We hold that substantial and competent evidence supports the magistrate court's conclusion.

The best interests of the child are of paramount importance in decisions affecting child custody. *Roberts v. Roberts*, 138 Idaho 401, 403-04, 64 P.3d 327, 329-30 (2003). Although trial courts must consider all relevant factors when making custody decisions, I.C. § 32-717(1) contains a nonexclusive list of factors for courts to consider. One of the statutory factors courts may consider when making custody decisions is the "character and circumstances of all individuals involved." I.C. § 32-717(1)(e). It is an abuse of discretion to conclude that a particular custody modification would serve a child's best interests without sufficient evidentiary support. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007). On appeal, we will not set aside the magistrate court's findings unless they are clearly erroneous. *Peterson v. Peterson*, 153 Idaho 318, 320-21, 281 P.3d 1096, 1098-99 (2012). Findings based upon substantial evidence will not be overturned on appeal even if there is conflicting evidence. *Nelson*, 144 Idaho at 713, 170 P.3d at 378.

Substantial and competent evidence supports the magistrate court's conclusion that the character and circumstances of all those involved favored relocating the children to Washington during the school year. The magistrate court found that, while in Dimitriyana's custody, the older child had significant school attendance issues. Despite living only a five-minute walk from her school, the child was tardy on twenty-six occasions and accumulated twenty-five absences in

a single school year. Dimitriyana argues that the school attendance issues merit little weight because they did not negatively impact the child's school performance or socialization. We disagree. Although the child's academic performance did not suffer, the magistrate court made reasonable inferences that the attendance issues had negative effects on the child's education and social development. In addition to these attendance issues, the magistrate court cited a subset of Dimitriyana's communications with Andrew and his family (which contain both profanity and derogatory comments about Andrew, his family, and even the children) and Dimitriyana's negative reactions to Andrew's move to Washington. Based on this evidence, the magistrate court concluded that Dimitriyana is less likely to promote a strong relationship between the children and Andrew in a distance parenting plan.

Dimitriyana asserts that she had overcome the attendance and communication issues by the time of trial and that the magistrate court failed to give proper weight to Andrew's decision to move to Washington when evaluating his character. However, weighing conflicting evidence is a trial court function. *Lamont v. Lamont*, 158 Idaho 353, 362, 347 P.3d 645, 654 (2015). The record shows that the magistrate court did not abuse its discretion in weighing the evidence regarding attendance, communication, and relocation. In particular, the magistrate court considered Dimitriyana's history to be a better indicator of her character. The magistrate court also expressly evaluated Andrew's decision to move to Washington, noting it was of "central concern" to the analysis. We will not substitute the magistrate court's view of the facts with our own. In light of the record, we hold that there is substantial support for the magistrate court's conclusion that the character and circumstances of all those involved favored relocating the children to Washington during the school year.

### 2. Continuity and stability

Dimitriyana argues that the magistrate court erred in concluding that the need to promote continuity and stability in the children's lives favored neither parent. Dimitriyana contends that she is the only parent who promoted stability in the children's lives since Andrew moved to Washington. Andrew contends that Dimitriyana has failed to cite legal authority for her argument and that the magistrate court's conclusion was supported by substantial and competent evidence. We hold that the magistrate court did not err in concluding that this factor favored

4

neither parent but did favor relocating the children to Washington, in part due to Andrew's greater ability to provide continuity and stability for the children in the future.

One statutory factor courts may consider when determining what custody arrangement serves a child's best interests is the "need to promote continuity and stability in the life of the child." I.C. § 32-717(1)(f). When discussing this factor, the magistrate court recognized that Dimitriyana had the status quo on her side. The children have lived in Idaho since birth and have many family members here, including both Andrew's and Dimitriyana's parents. Additionally, although the children have spent some time with Andrew in Washington, they have remained in Idaho in Dimitriyana's primary custody since Andrew's move. However, based upon Dimitriyana's unstable employment, her post-divorce financial decision-making that culminated in a personal bankruptcy, and her tendency to react with emotion to stressful situations, the magistrate court determined that Andrew possessed a greater ability to provide continuity and stability for the children during the school year. Dimitriyana argues that the magistrate court's conclusion regarding Andrew's ability to provide stability lacks sufficient evidentiary support. We disagree. Andrew testified regarding his stable daily routine and employment. The magistrate court could give this evidence the weight it felt was appropriate. *See Lamont*, 158 Idaho at 362, 347 P.3d at 654. We hold that the magistrate court did not err in its evaluation of the continuity and stability factor.

### 3. Overemphasizing a single factor

Dimitriyana argues that the magistrate court abused its discretion in granting Andrew primary physical custody of the children by overemphasizing a single factor in its evaluation of the children's best interests. Specifically, Dimitriyana contends that the magistrate court placed too much weight on the character and circumstances of all those involved. Andrew argues that the magistrate court properly considered all the relevant factors to determine what custody arrangement served the children's best interests. We hold that the magistrate court did not overemphasize a single factor when determining the children's best interests.

As previously stated, the best interests of the child are of paramount importance in decisions affecting child custody. *Roberts*, 138 Idaho at 403-04, 64 P.3d at 329-30. An abuse of discretion in determining child custody may occur where the court overemphasizes one factor and thereby fails to support its conclusion that the interests of a child will be best served by a

particular custody award. *Silva v. Silva*, 142 Idaho 900, 906, 136 P.3d 371, 377 (Ct. App. 2006). However, a trial court need not give each relevant factor the same weight when determining a child's best interests. *Id.* at 907, 136 P.3d at 378. When the record shows that the trial court properly considered the relevant factors along with the pertinent evidence, we will not disturb the trial court's custody decisions. *Brownson v. Allen*, 134 Idaho 60, 63-64, 995 P.2d 830, 833-34 (2000).

Here, the magistrate court made extensive factual findings to support its custody determination. These factual findings were then discussed in relation to each relevant factor listed under I.C. § 32-717(1). Considering the scope of its inquiry, Dimitriyana has not shown that the magistrate court overemphasized any single factor relating to the children's best interests. Thus, Dimitriyana has not shown that the magistrate court abused its discretion in weighing the factors relevant to the children's best interests.

## B. Retroactive Child Support

Dimitriyana argues that the magistrate court erred in failing to grant her request for retroactive child support. Dimitriyana contends that the magistrate court failed to rule on a request she made during trial for a retroactive child support modification for the months of July through November of 2018. Andrew argues that other financial benefits Dimitriyana received in the modification judgment satisfy any child support arrearage. We hold that Dimitriyana has failed to preserve this issue.

Although Dimitriyana requested a retroactive modification to Andrew's child support obligation during trial, the magistrate court never ruled on the request. We will not review an alleged error on appeal when an adverse ruling that forms the basis of the assignment of error is absent from the record. *De Los Santos v. J.R. Simplot Co. Inc.*, 126 Idaho 963, 969, 895 P.2d 564, 570 (1995).

## C. Travel Costs

Dimitriyana argues the magistrate court abused its discretion in allocating to her the travel costs for her visitation with the children. Specifically, Dimitriyana argues the magistrate court imposed this obligation without considering the factors listed under I.R.F.L.P. 126(H)(2). Andrew argues that Dimitriyana failed to submit evidence on the issue of travel costs and that the magistrate court considered the relevant factors to the extent possible considering the

deficiencies in the record. We hold that the magistrate court did not abuse its discretion because it did not allocate Dimitriyana's travel costs to either party under I.R.F.L.P. 126(H)(2) when considering the modification of child support.

Modification of child support on the ground of material change in circumstances is within the sound discretion of the trial court and will not be altered on appeal unless there is a manifest abuse of discretion. *Davies v. Davies*, 160 Idaho 74, 79, 368 P.3d 1017, 1022 (Ct. App. 2016). In the absence of some evidence justifying a deviation, the child support awarded must be the amount stated in the Idaho Child Support Guidelines. *Garner v. Garner*, 158 Idaho 932, 937, 354 P.3d 494, 499 (2015). As part of a guideline's calculation, a magistrate court may order an allocation for travel costs between the parties after considering "all relevant factors." I.R.F.L.P. 126(H)(2).[1] If applying the guidelines would be unjust or inappropriate in a particular case, the trial court must state on the record the dollar amount of support the guidelines require and the circumstances justifying departure. *Garner*, 158 Idaho at 937, 354 P.3d at 499.

A review of the magistrate court's findings and conclusions shows that the magistrate court did not allocate travel costs to Dimitriyana related to her visitation with the children. Rather, the magistrate court followed the proper procedure to *relieve* Dimitriyana of her obligation to pay child support. The magistrate court began its analysis of the parties' respective child support obligations by applying the guidelines. The guidelines recommended that Dimitriyana pay Andrew a base child support payment of $275 per month until their eldest child's eighteenth birthday, after which Dimitriyana's obligation would decrease to $4 per month.[2] However, despite the guidelines' recommendation, the magistrate court imposed no child support obligation on Dimitriyana, concluding that such an obligation would be unjust or inappropriate under the circumstances. Specifically, the magistrate court concluded that it was more important that Dimitriyana have the financial means to exercise her visitation during the school year than it was for her to provide the children's financial support. Thus, the magistrate court concluded it would be unjust or inappropriate to impose a child support obligation on

---

[1] To aid in this determination, the rule contains a nonexclusive list of factors to consider.

[2] Neither party disputes the accuracy of the magistrate court's calculations.

Dimitriyana in light of her financial circumstances and relieved her of her child support obligation.

In sum, the magistrate court calculated Dimitriyana's child support obligation, stated on the record why imposing the obligation would be unjust or inappropriate, and then relieved Dimitriyana of her obligation to pay child support. Because it allocated no travel costs to Dimitriyana, the magistrate court could not have abused its discretion by failing to consider factors relevant to making such an allocation.[3] Dimitriyana has failed to show the magistrate court abused its discretion in allocating to her travel costs related to her visitation with the children.

**D.      Attorney Fees and Costs**

Andrew argues he is entitled to attorney fees on appeal under I.A.R. 41 and I.C. § 12-121. Dimitriyana does not seek attorney fees on appeal, but argues that Andrew is not entitled to fees because her appeal is not frivolous.[4] Under I.C. § 12-121, an award of attorney fees on appeal is permitted when the Court determines an appeal was brought, pursued, or defended in a frivolous, unreasonable, or foundationless manner. *Boe v. Boe*, 163 Idaho 922, 935, 422 P.3d 1128, 1141 (2018). Here, we cannot conclude that Dimitriyana's appeal was frivolous, unreasonable, or without foundation. Consequently, an award of attorney fees on appeal is improper.

## IV.

## CONCLUSION

The magistrate court properly analyzed the best interests of the children in concluding that Andrew should have primary custody of the children during the school year. Dimitriyana has not preserved her argument that she is entitled to retroactive child support. Finally, the magistrate court did not err in allocating travel costs to Dimitriyana related to her visitation with the children and did not err by failing to make findings under I.R.F.L.P. 126(H)(2).

---

[3]      To the extent Dimitriyana believes the magistrate court should have allocated her travel costs to Andrew in addition to eliminating her child support obligation, Dimitriyana's briefs contain no cogent argument to that effect. Thus, we will not address the issue.

[4]      Dimitriyana does seek an award of court costs under I.A.R. 40; however, she is not entitled to costs because she is not the prevailing party.

Consequently, the judgment modifying custody and child support is affirmed.  Costs on appeal are awarded to Andrew.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.